**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEOPOLDO VILLANUEVA and ALBERTICO PASILLAS, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Judge |
| SEBERT LANDSCAPING COMPANY f/k/a GREAT IMPRESSIONS, INC. and JEFFREY SEBERT, individually, | ) ) ) | Magistrate Judge |
| | ) | |
| Defendants. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiffs Leopoldo Villanueva and Albertico Pasillas, on behalf of themselves and other similarly situated individuals, known and unknown, through their attorneys, against Sebert Landscaping Company and Jeffrey Sebert, individually, (collectively "Defendants") state as follows:

### I.    NATURE OF THE CASE

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for: (1) Defendants' failure to pay Plaintiffs and other similarly situated employees their regular rate for all time worked and overtime wages for all compensable time in excess of forty (40) hours in individual work weeks in violation of the FLSA and IMWL; (2) Defendants' unlawful deductions made from Plaintiffs and other similarly situated employees' weekly wages without proper authorization as required by the IWPCA; and

(3) Defendants' failure to compensate Plaintiff Pasillas and other similarly situated separated employees their earned and owed paid time off ("PTO") upon their separation of employment as part of their final wages.

2.      Plaintiffs' consents to represent other similarly situated laborers for purposes of the overtime claim arising under the FLSA are attached as Group Exhibit A.

## II.      JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in this judicial district as Defendants' place of business is located within this judicial district and the events giving rise to Plaintiffs' claims occurred in this judicial district.

## III.      PARTIES

**Plaintiffs**

5.      At all relevant times, each Plaintiff has resided in and has been domiciled in the State of Illinois and within this judicial district.

6.      At all relevant times, each Plaintiff has been Defendants' "employee" as defined by the FLSA, 29 U.S.C. §201, *et seq*., the IMWL, 820 ILCS 105/1, *et seq*. and the IWPCA, 820 ILCS 115/1, *et seq.*

**Defendants**

7.      Within the relevant time period, Defendant Sebert Landscaping Company (Sebert Landscaping):

        a.  has been a corporation organized under the laws of the State of Illinois;

b. has had its principal place of business at 1550 W Bartlett Rd Bartlett, IL 60103, within this judicial district;

c. has conducted business in Illinois and within this judicial district;

d. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

e. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

f. has been each Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

8. During the relevant time period, Defendant Jeffrey Sebert:

a. Has been the owner or operator of Sebert Landscaping Company;

b. Has, among other things, had the authority to hire and fire employees, to direct and supervise the work of the employees, to sign on the checking accounts, including paychecks, and to participate in decisions regarding employee compensation and scheduling and capital expenditures; and

c. has been each Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

## IV.    FACTUAL BACKGROUND

9. Defendant Sebert Landscaping is a corporation specializing in landscape maintenance and in snow and ice removal.

10. Defendant Jeffrey Sebert is the owner or operator of Sebert Landscaping.

11. Leopoldo Villanueva worked as a laborer for Defendants from 2010 to December 2016.

12. During the course of his employment, Plaintiff Leopoldo Villanueva performed lawn maintenance and snow removal, loaded and unloaded Defendants'

3

equipment on Defendants' vehicles and performed other support work for Defendants' business.

13.     Leopoldo Villanueva had an agreement with Sebert Landscaping to be paid $12.75 per hour for his work for the company.

14.     Albertico Pasillas worked for Defendants as a laborer and crew leader for Defendants from April 1997 to December 2016.

15.     During the course of his employment, Plaintiff Albertico Pasillas performed lawn maintenance and snow removal, drove Defendants' equipment and employees, loaded and unloaded Defendants' equipment on Defendants' vehicles and performed other support work for Defendants' business.

16.     Albertico Pasillas had an agreement with Sebert Landscaping to be paid $20.50 per hour.

17.     In weeks in which Plaintiffs and other similarly situated employees worked in excess of forty (40) hours, Defendants' failure to compensate them for all compensable hours, as described *infra*, resulted in a failure by Defendants to pay its employees overtime compensation at the rate of one and a half times each employees' regular rate of pay.

**DEFENDANTS' FAILURE TO PAY FOR PRE/POST SHIFT AND TRAVEL TIME**

18.     Plaintiffs and other similarly situated employees were required to start work every day at the Defendants shop and return to the shop at the end of the workday.

19.     Plaintiffs and other similarly situated employees were required to report to Defendants' shop at approximately 7:00 a.m. for work assignments and instructions for the work day each day.

20.     At the Defendants' shop, Plaintiffs and other similarly situated employees were required to load equipment on Defendants' vehicles for transport to the job site at the beginning each day.

21.     Plaintiffs and other similarly situated employees were required to return to Defendants' shop at the end of each shift to unload equipment from Defendants' vehicles that had been utilized during that day.

22.     Plaintiffs and other similarly situated employees were not paid for the travel time to and from the shop.

**DEFENDANTS' UNLAWFUL DEDUCTIONS**

23.     Plaintiffs and other similarly situated employees had deductions made from their paychecks while working for Defendants.

24.     For example, Sebert deducted the cost of uniforms from their employees' paychecks.

25.     These deductions were made by Defendants from the weekly wages of each Plaintiff and other similarly situated employees.

26.     The deductions from the weekly wages from each Plaintiff and other similarly situated employee were made without the employee's express written consent, freely given at the time of the deduction.

**DEFENDANTS' FAILURE TO PAY FINAL COMPENSATION**

27.     Mr. Pasillas was entitled to paid time off each year pursuant to Sebert Landscaping's PTO policy.

28.     Based upon his years of service, this paid time amounted to approximately 20 days.

29.     As of the date of this filing, Defendants have not paid Mr. Pasillas his earned and unpaid PTO as part of his final wages.

30.     Defendants have not paid other similarly situated employees who have separated their employment their earned and unpaid PTO as part of their final wages

## V. CLASS ACTION ALLEGATIONS

31.     Plaintiffs will seek to certify this case both as a collective action as to the overtime claim arising under the FLSA (Count I) and as a class action pursuant to Fed. R. Civ. P. Rule 23 for their state law overtime claim (Count II) arising under the IMWL, their state law unlawful deduction claim arising under the IWPCA (Count III) and Plaintiff Pasillas' state law claim for unpaid earned paid time off arising under the IWPCA (Count IV).

32.     The class that Plaintiffs seek to represent with regard to their IMWL overtime claim (Count II) is defined as: "Plaintiffs and all other similarly situated employees of Sebert Landscaping and Jeffrey Sebert not exempt from the overtime provisions of the IMWL from August 1, 2015 up to and including the date of judgment."

33.     The class that Plaintiffs seek to represent with regard to their IWPCA unlawful deduction claim (Count III) and earned is defined as: "Plaintiffs and all other similarly situated employees of Sebert Landscaping and Jeffrey Sebert who had deductions made from their wages from May 13, 2004 up to and including the date of judgment."

34.     In a previous action filed in the Northern District of Illinois, *Lagunes et al v Sebert Landscaping Company et al,* 14 cv 3488, filed May 13, 2014, an IWPCA class for unauthorized deductions was conditionally certified on May 11, 2016.

35. The class was later decertified pursuant to an individual settlement.

36. As a result, the statute of limitations for Plaintiffs' IWPCA Unauthorized Deduction claim in this case should be tolled from May 13, 2014.

37. The class that Plaintiffs seek to represent with regard to their IWPCA earned and unpaid PTO claim (Count IV) is defined as: "Plaintiff Pasillas and all other similarly situated employees of Sebert Landscaping and Jeffrey Sebert who were subject to the Sebert PTO policy from August 1, 2008 up to and including the date of judgment and who have separated their employment with Defendants."

38. Counts II, III, and IV are brought pursuant to Fed. R. Civ. P. Rule 23 (a) and (b) because:

    a. The class is so numerous that joinder of all members is impracticable:

    b. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed more than 150 individuals in the IMWL Overtime Class during the class period and more than 150 individuals in the IWPCA unlawful deduction and unpaid PTO class periods;

    c. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

        i. Whether time Plaintiffs and other similarly situated employees spent at Defendants' shop at the beginning and end of each work day and time spent traveling to and from the first and last work site was compensable;

        ii. Whether Defendants otherwise compensated Plaintiffs and the IMWL Class for all time worked at their regular rate in each work week in which they worked in excess of forty (40) hours;

        iii. Whether Defendants compensated Plaintiffs and the IMWL Overtime Class overtime wages for all compensable time over forty (40) hours in individual work weeks;

iv. Whether Defendants made deductions from the wages of Plaintiffs and the IWPCA Deduction Class for uniforms and other items not required by law;

v. Whether Defendants obtained Plaintiffs and the IWPCA Deduction Class' express written consent, freely given at the time of the deduction for such deductions;

vi. Whether Defendants had a Paid Time Off ("PTO") policy that allowed Plaintiffs and the IWPCA PTO Class to earn paid time off and, if so, whether Defendants compensated employees who separated their employment with all such earned PTO as part of their final wages.

d. Plaintiffs will fairly and adequately represent and protect the interests of the Class members. Plaintiffs' Counsel is competent and experienced in litigating wage and hour and other employment class actions;

e. The class representatives and the members of the class have been equally affected by Defendants' failure to pay overtime wages for all compensable time in excess of forty (40) hours in individual work weeks;

f. The class representatives and the members of the class have been equally affected by Defendants' deductions from their pay checks;

g. The class representatives and the members of the class have been equally affected by Defendants' failure to pay earned PTO;

h. The class representatives, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the class representatives are able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants, and the Court.

39. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**COUNT I**
**Violation of the Fair Labor Standards Act**
**Overtime Wages**
*Section 216(b) Collective Action*

40. Plaintiffs incorporate and re-allege paragraphs 1 through 39 of this Complaint as though set forth herein.

41.     The matters set forth in this Count arise from Defendants' violation of the FLSA for their failure to pay non-exempt employees for all hours worked at their regular rate of pay in individual work weeks in which they work in excess of forty (40) hours and to pay them overtime wages for all time worked in excess of forty (40) hours in such work weeks.

42.     In the three years prior to the filing of this complaint, Defendants suffered or permitted Plaintiffs and other similarly situated employees to work without compensation as described more fully in ¶¶ 9 – 22, *supra*, by, among other things:

    a.  requiring them to report to Defendants' shop to receive assignments and work instructions for the work day and to assist in loading Defendants' vehicles with equipment required to perform the Defendants' work;

    b.  requiring them to return to the shop at the end of the work day to assist in unloading the Defendants' vehicles;

    c.  otherwise not compensating them for compensable work time.

43.     Plaintiffs and other similarly situated employees were not exempt from the overtime provisions of the FLSA.

44.     In individual work weeks in which Plaintiffs and other similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at their regular rate for all hours worked up to and including forty (40) hours and at the rate of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours.

45.     Defendants' failure to compensate Plaintiffs and other similarly situated employees at their regular rate for all hours worked up to and including forty (40) hours and at the rate of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours violated the FLSA.

46.     Defendants are and have been aware of their obligation to pay non-exempt employees for all hours worked at their regular rate of pay in individual work weeks in which they work in excess of forty (40) hours and to pay them overtime wages for all time worked in excess of forty (40) hours in such work weeks.

47.     In fact, Defendants have been previously sued for overtime violations and, during the course of such litigation, retained counsel to advise them on the requirements of the FLSA.

48.     Plaintiffs and other similarly situated employees are entitled to recover unpaid wages and overtime wages as described herein for up to three (3) years prior to Plaintiffs filing their complaint because Defendants' violation was willful.

WHEREFORE, Plaintiffs, on behalf of themselves and other similarly situated employees, pray for a judgment against Defendants as follows:

A.  That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B.  A judgment in the amount of unpaid regular wages for all the time Plaintiffs and similarly situated employees worked in individual work weeks in which they worked in excess of forty (40) hours for Defendants;

C.  A judgment in the amount of unpaid overtime wages for all the time Plaintiffs and similarly situated employees worked in excess of forty (40) hours in individual work weeks for Defendants;

D.  Liquidated damages in the amount equal to the unpaid wages;

E.  That the Court declare the Defendants violated the FLSA;

F.  That the Court enjoin the Defendants from continuing to violate the FLSA;

G.  Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

H.  Such other further relief this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law**
**Overtime Wages**
*Class Action*

49.     Plaintiffs incorporate and re-allege paragraphs 1 through 48 of this Complaint as though set forth herein.

50.     The matters set forth in this Count arise from Defendants' violation of the IMWL for their failure to pay non-exempt employees for all hours worked at their regular rate of pay in individual work weeks in which they work in excess of forty (40) hours and to pay them overtime wages for all time worked in excess of forty (40) hours in such work weeks.

51.     In the three years prior to the filing of this complaint, Defendants suffered or permitted Plaintiffs and other similarly situated employees to work without compensation as described more fully in ¶¶ 9 – 22, *supra*, by, among other things:

      a.  requiring them to report to Defendants' shop to receive assignments and work instructions for the work day and to assist in loading Defendants' vehicles with equipment required to perform the Defendants' work;

      b.  requiring them to return to the shop at the end of the work day to assist in unloading the Defendants' vehicles;

      c.  otherwise not compensating them for compensable work time.

52.     Plaintiffs and other similarly situated employees were not exempt from the overtime provisions of the IMWL.

53.     In individual work weeks in which Plaintiffs and other similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at their regular rate for all hours worked up to and including forty (40) hours and at the rate

of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours.

54. Defendants' failure to compensate Plaintiffs and other similarly situated employees at their regular rate for all hours worked up to and including forty (40) hours and at the rate of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours violated the IMWL.

WHEREFORE, Plaintiffs, on behalf of themselves and other similarly situated employees, pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of unpaid regular wages for all the time Plaintiffs and similarly situated employees worked in individual work weeks in which they worked in excess of forty (40) hours for Defendants;

C. A judgment in the amount of unpaid overtime wages for all the time Plaintiffs and similarly situated employees worked in excess of forty (40) hours in individual work weeks for Defendants;

D. Statutory damages in the amount equal to 2% of all unpaid wages, including overtime wages, from the date of the underpayment as provided for by the IMWL;

E. That the Court declare the Defendants violated the IMWL;

F. That the Court enjoin the Defendants from continuing to violate the IMWL;

G. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

H. Such other further relief this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act
### Unauthorized Deductions
### *Class Action*

55.     Plaintiffs incorporate and re-allege paragraphs 1 through 54 of this Complaint as though set forth herein.

56.     The matters set forth in this Count arise from Defendants' violation of the IWPCA for deducting the cost of uniforms from Plaintiffs and other similarly situated employees' weekly wages without express written consent, freely given at the time of the deduction as described in more detail in ¶¶ 23 – 26, *supra*.

57.     In the fourteen years prior to the filing of this claim the Plaintiffs and similarly situated employees had deductions made from their weekly wages for the purpose of paying for uniforms required by the Defendants.

58.     In the fourteen years prior to filing this claim the Plaintiffs and similarly situated employees had this money deducted from their paychecks without express written consent, freely given at the time of the deduction.

59.     The deductions for uniforms were not

    a.  required by law;

    b.  to the benefit of the employee; or

    c.  in response to a valid wage assignment or wage deduction order.

60.     The deductions made from Plaintiffs and other similarly situated employees' earned wages for the costs of uniforms required by the employer without the written authorization of the employees freely given at the time of the deduction violated the IWPCA.

WHEREFORE, Plaintiffs, on behalf of themselves and other similarly situated

employees, pray for a judgment against Defendants as follows:

A.  That the Court determines that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.  A judgment in the amount of all money deducted from the compensation of Plaintiffs and similarly situated employees for uniforms in individual workweeks by Defendants;

C.  Statutory damages in the amount equal to 2% of all unpaid wages, including overtime wages, from the date of the underpayment as provided for by the IWPCA;

D.  That the Court declare the Defendants violated the IWPCA;

E.  That the Court enjoin the Defendants from continuing to violate the IWPCA;

F.  Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

G.  Such other further relief this Court deems appropriate and just.

**COUNT IV**
**Violation of the Illinois Wage Payment and Collection Act**
**Unpaid Vacation Pay**
*On Behalf of Plaintiff Pasillas and a Class*

61.  Plaintiffs incorporate and re-allege paragraphs 1 through 60 of this Complaint as though set forth herein.

62.  The matters set forth in this Count arise from Defendants' violation of the IWPCA for their failure to pay Plaintiff Pasillas and other similarly situated employees who separated their employment with Defendants the cash equivalent of earned PTO as part of their final compensation as described in more detail in ¶¶ 27 – 30, *supra*.

63.  During the relevant time period, Defendants had a paid time off policy.

64.  Under Defendants' paid time off policy, Mr. Pasillas earned 120 hours of PTO in 2016.

14

65.     Mr. Pasillas did not use any of his earned PTO in 2016.

66.     Upon his separation from employment with Defendants in 2016 and as of the date of this filing, Defendants did not pay Mr. Pasillas all of his earned and unpaid PTO as a part of his final compensation.

67.     Other similarly situated employees who separated from their employment during the IWPCA PTO Class Period were not compensated for their earned and unpaid PTO as part of their final compensation.

68.     Defendants' failure to pay Plaintiff Pasillas and the IWPCA PTO Class the cash equivalent of their earned PTO as a part of their final compensation violated the IWPCA.

WHEREFORE, Plaintiff Pasillas, on behalf of himself a class of similarly situated individuals, prays for a judgment against Defendants as follows:

A.  That the Court determines that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.  A judgment in the amount of all earned and unpaid PTO compensation which Defendants failed to pay to Plaintiff Pasillas and the IWPCA PTO Class as part of their final compensation;

C.  Statutory damages in the amount equal to 2% of all earned and unpaid PTO from the date of the underpayment as provided for by the IWPCA;

D.  Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

E.  Such other further relief this Court deems appropriate and just.

Respectfully submitted on behalf of Plaintiffs,

Dated: August 1, 2018

*/s/Christopher J. Williams*
Christopher J. Williams (ARDC #6284262)
Alvar Ayala (ARDC #6295810)
Workers' Law Office, PC
53 W. Jackson Blvd, Suite 701
Chicago, Illinois 60604

Neil Kelley (ARDC #6306308)
Farmworker & Landscaper
  Advocacy Project
33 N LaSalle St # 900
Chicago, IL 60602

Attorneys for Plaintiffs